UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENA MOORE, ET AL.,

      Plaintiffs,

v.                                        Case No.  8:05-cv-2244-T-24 TGW

AS-COM, INC., a Florida corporation,
d/b/a AS-COM TECHNOLOGIES,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff Darlena Moore's Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction.  (Doc. No. 13).  Defendant opposes the motion.  (Doc. No. 16).

**I.  Background**

Plaintiffs Darlena Moore and Daniel Cyr, on their own behalf and on behalf of others similarly situated, filed suit against Defendant for violations of the Fair Labor Standards Act ("FLSA") and Florida minimum wage laws.  One of the claims asserted by Moore is retaliation under the FLSA.  Specifically, Moore alleges that after she filed this lawsuit, Defendant retaliated against her by filing false police reports against her in an effort to intimidate and/or coerce her into dropping this lawsuit. (Doc. No. 7, ¶ 21).

In response, Defendant filed a counterclaim for fraud, alleging that Moore used her position as a bookkeeper for Defendant in order to fraudulently misrepresent or fraudulently induce Defendant to pay her money that she was not owed.  (Doc. No. 11, ¶ 35).  Specifically, Defendant alleges that Moore made false statements to Defendant and its payroll agent,

Southeast Personnel Services, Inc. ("Southeast"), by representing to Southeast that she was owed additional money over and above her authorized salary, and that Moore directed Southeast, without authorization, to pay these additional amounts to her. (Doc. No. 11, ¶ 35).

## II. Motion to Dismiss

Moore moves to dismiss Defendant's counterclaim, arguing: (1) that nowhere in its counterclaim has Defendant alleged that this Court has original or supplemental jurisdiction over the counterclaim, and (2) the counterclaim is wholly unrelated to Plaintiff's claims, and as such, the Court cannot exercise supplemental jurisdiction over it. Defendant concedes that it has failed to allege a basis for the Court's subject matter jurisdiction in the counterclaim, and it seeks leave to amend the counterclaim to do so. Furthermore, Defendant argues that the counterclaim is a compulsory counterclaim, over which the Court would have subject matter jurisdiction.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts automatically have supplemental jurisdiction over compulsory counterclaims. See Olufemi v. Your Care Clinics, LCC, 2006 WL 269982, at *2 (M.D. Fla. Feb. 3, 2006)(citation omitted). In determining whether a defendant's claim is a compulsory counterclaim, Federal Rule of Civil Procedure 13(a) provides the standard. Specifically, Rule 13(a) provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

The Eleventh Circuit uses the "logical relationship" test in order to determine whether a claim is compulsory.  See Olufemi, 2006 WL 269982, at *2.  Under the logical relationship test, a claim is compulsory if the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, which are otherwise dormant, in the defendant.  See U.S. v. Aronson, 617 F.2d 119, 121 (5th Cir. 1980)(citation omitted).  Furthermore:

> [A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.  Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.

Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., 426 F.2d 709, 714 (5th Cir. 1970)(quoting Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir. 1961)).

In the instant case, it is clear that Defendant's fraud counterclaim has a logical relationship to Moore's FLSA retaliation claim.  In order for Defendant to defend itself against Moore's retaliation claim alleging that Defendant filed false police reports, Defendant will have to show that it had a good faith basis for filing the reports–specifically, Moore's alleged fraud.  Since the same facts are involved in both Moore's retaliation claim and Defendant's fraud counterclaim, the Court finds that Defendant's counterclaim is compulsory.[1]  See, e.g., Klein v.

---

[1] The Court further finds that Defendant does not need to amend its counterclaim in order to allege a basis for the Court's subject matter jurisdiction, since Federal Rule of Civil Procedure 8(a) provides that a pleading setting forth a counterclaim shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."  In the instant

London Star Limited, 26 F. Supp.2d 689, 697 (S.D.N.Y. 1998)(in age discrimination action, the court found that the defendant's theft of trade secrets counterclaim was compulsory, since the alleged theft was an alternate explanation for the termination of the plaintiff's employment); Fleming v. Kane County, 636 F. Supp. 742, 745 (N.D. Ill. 1986)(in § 1983 action for violating the plaintiff's First Amendment rights by firing him, the court found that the defendant's counterclaim for defamation was compulsory, since the defendant intended to point to the defamation as the reason for firing the plaintiff).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff Darlena Moore's Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction (Doc. No. 13) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 19th day of April, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

case, the Court has federal question jurisdiction due to Plaintiffs' FLSA claims, and the Court does not need a new ground of jurisdiction to support Defendant's compulsory counterclaim, since it automatically has supplemental jurisdiction over it.  See U.S. v. Krieger, 773 F. Supp. 580, 589 (S.D.N.Y. 1991)(stating that the general rule is that jurisdiction for a compulsory counterclaim does not need to be pled).